# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re:  Gregory Alan Arndt | :  Case No. 15-51105 |
| Tamara Ann McCready Arndt, | : |
| | : |
| Debtors. | :  Chapter 13 |
| | : |
| | :  Judge Caldwell |

### RESPONSE OF THE STATE OF OHIO DEPARTMENT OF TAXATION TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 4 [DOCKET NO. 24]

Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor the State of Ohio Department of Taxation ("DOT"), and responds to the Debtor's Objection to the Proof of Claim of DOT [Docket No. 24]. DOT's response is set forth in the accompanying Memorandum.

    Respectfully submitted,
    Mike DeWine
    Attorney General of Ohio

    /s/ Danielle M. White
    Charles A. Mifsud (0070498)
    Special Counsel to the Attorney General
    Brian M. Gianangeli (0072028)
    Danielle M. White (0092613)
    THE LAW OFFICE OF
    CHARLES MIFSUD, LLC
    6305 Emerald Parkway
    Dublin, Ohio 43016
    Phone – (614) 389-6401
    Fax – (614) 389-2294

    Attorneys for the State of Ohio
    Department of Taxation

**MEMORANDUM**

On May 5, 2015, DOT filed its proof of claim (Claim #4), seeking to recover an unpaid income tax assessment for 2014 and unpaid sales tax assessments for various periods from April 2005 through March 2006 for the Onsite Uniform Company, in which Debtor Gregory Arndt was a responsible officer per ORC 5739.33. On June 1, 2015, Debtors objected to the amount of sales tax due on DOT's claim, arguing that Mr. Arndt was no longer a responsible officer after July 12, 2005. Debtors further argue that Mr. Arndt is liable for only one third of the amount due on the sales tax assessments prior to July 12, 2005. The unpaid personal income taxes are not at issue.

A.  **Debtor is Liable for Periods after July 12, 2005.**

DOT maintains that Mr. Arndt is responsible for these assessments for two reasons. There is no question that Mr. Arndt was a responsible officer subject to liability for periods before July 12, 2005. However, Mr. Arndt's argument that he was no longer a responsible officer after July 12, 2005 lacks sufficient evidence. Debtor relies entirely on an unexecuted dissolution agreement dated July 13, 2005, and Mr. Arndt has provided no other evidence that the agreement was in fact consummated.

Second, despite having notice and an opportunity to petition for reassessment, Mr. Arndt never did so. On February 22, 2012, DOT assessed Mr. Arndt personally for unpaid sales taxes, including periods after July 12, 2005. DOT sent notice of the assessments via mail to Mr. Arndt. The mailing contained instructions for filing a petition for reassessment should the recipient disagree with the assessment. Mr. Arndt never filed such a petition. Under ORC 5739.13(B), "unless the party assessed files with the commissioner within sixty days after service of the notice of assessment…a written petition for reassessment…the assessment becomes final." Mr. Arndt had notice and an opportunity to raise this argument in a petition for reassessment. He

failed to do so. Therefore, these assessments are final and should not be overturned based on an unsigned, draft document.

B. **<u>Debtor is Liable for the Full Amount of All Sales Tax Assessments.</u>**

Debtors' argument that Mr. Arndt is liable for only one third of the amount due on the sales tax assessments is also without merit. Under ORC 5739.33, if a business fails to file returns or remit sales taxes, responsible officers are personally liable. If there are multiple responsible officers, they are jointly and severally liable. OAC 5703-9-49(H). Mr. Ardnt was found to be a responsible officer of the company and is therefore personally liable for its failure to file and remit sales tax returns. Pursuant to OAC 5703-9-49(H), Mr. Arndt is jointly and severally liable for the entire amount of the assessments. Therefore, the sales tax assessments on DOT's Proof of Claim are proper and should stand in full.

WHEREFORE, DOT asks that this court overrule Debtors' Objection to DOT's Proof of Claim.

    Respectfully submitted,
    Mike DeWine
    Attorney General of Ohio

    <u>/s/ Danielle M. White</u>
    Charles A. Mifsud (0070498)
    Special Counsel to the Attorney General
    Brian M. Gianangeli (0072028)
    Danielle M. White (0092613)
    THE LAW OFFICE OF
    CHARLES MIFSUD, LLC
    6305 Emerald Parkway
    Dublin, Ohio 43016
    Phone – (614) 389-6401
    Fax – (614) 389-2294

    Attorneys for the State of Ohio
    Department of Taxation

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served electronically through the Court's ECF system at the email address registered with the Court on the 30th day of June, 2015 upon:

>James E. Nobile
>Nobile & Thompson Co., L.P.A.
>4876 Cemetery Road
>Hilliard, OH 43026
>
>Faye D. English
>Chapter 13 Trustee
>10 West Broad Street
>Suite 900
>Columbus, OH 43215-3449
>
>Office of the US Trustee
>170 North High Street
>Suite 200
>Columbus, OH 43215

I certify that a copy of the foregoing was served by U.S. mail, postage prepaid, on the 30th day of June, 2015 upon:

>Gregory & Tamara Arndt
>5932 Baronscourt Way
>PO Box 530
>Columbus, OH 43016

>/s/ Danielle M. White
>Danielle M. White (#0092613)